UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MUHAMMAD N. AHMAD,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-134

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Docs. 5, 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply (doc. 16), the administrative record (doc. 8),[1] and the record as a whole.

I.

    A.    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of December 27, 2015. PageID 202-03. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, a fractured right leg with an open reduction internal fixation ("ORIF"), residual hip pain, and residual knee pain. PageID 79.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of his application, Plaintiff received a hearing before ALJ Deborah Sanders on March 14, 2018.  PageID 91-128.  The ALJ issued a written decision on July 27, 2018 finding Plaintiff not disabled.  PageID 38-50.  Specifically, the ALJ found at Step Four that, based upon Plaintiff's residual functional capacity ("RFC")[2] to perform a reduced range of light work,[3] he was capable of performing his past relevant work.  PageID 85.  Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 61-63.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 77-86), Plaintiff's Statement of Errors (doc. 11) and the Commissioner's memorandum in opposition (doc. 15), and Plaintiff's reply (doc. 16).  The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[2] A person's RFC is the most that an individual can do despite all of his or her physical and mental limitations.  20 C.F.R. § 404.1545(a)(1).

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work. *Id*.  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  20 C.F.R. § 404.1567(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff argues that the ALJ erred in: (1) finding that he performed his past relevant work as a communicator at a level sufficient to meet the definition of substantial gainful activity; (2) posing an inaccurate hypothetical question to the Vocational Expert at the administrative hearing (and subsequently relying on the VE's testimony to conclude Plaintiff can perform his past relevant work); and (3) weighing the opinion of his treating physician Sarah Kreul, M.D. Doc. 11 at PageID 648-53. Finding merit to Plaintiff's second assignment of error, the undersigned does not address Plaintiff's other alleged errors and, instead, directs the ALJ to address those alleged errors on remand.

Plaintiff argues that the ALJ erred when finding him capable of performing his past relevant work as a communicator because, in so concluding, the ALJ relied on the VE's testimony in response to a hypothetical question that did not accurately set forth the ALJ's ultimate RFC finding.  Doc. 111 at PageID 648-50.  At Step Four, the Commissioner may rely on the testimony of a VE to find Plaintiff can perform his or her past relevant work where the VE's "testimony was in response to a hypothetical question that accurately reflected [Plaintiff's] impairments[.]" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 467 (6th Cir. 2003).

Here, the ALJ ultimately found Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) except he could lift and/or carry 20 pounds occasionally and ten pounds frequently. The claimant could stand and/or walk six hours in any given eight-hour workday and sit six hours in any given eight-hour workday.  He would need to alternate every one to two minutes while remaining on task.  The claimant could never push and/or pull with the right lower extremity.  However, he could use foot controls occasionally.  The claimant could occasionally climb ramps and stairs, but he could never climb ladders, ropes or scaffolds.  The claimant could balance frequently and occasionally stoop, kneel, crouch, or crawl.  He may need a cane to ambulate.  The claimant should avoid concentrated exposure to extreme cold.

PageID 80.  At issue here is the portion of the RFC in which the ALJ found that Plaintiff "would need to alternate every one to two minutes while remaining on task."  Doc. 11 at PageID 648-50.  At the administrative hearing, the ALJ's hypothetical question asked the VE to consider an individual who would need "to alternate between sitting and standing after every hour for one or two minutes while remaining on task[.]"  PageID 125.

On appeal, the Commissioner acknowledges that the ALJ's hypothetical questions posed to the VE did not reflect the more restrictive limitation set forth in the RFC finding.  However, the Commissioner argues that the ALJ's RFC finding is an obvious typographical error and that the limitation regarding the "need to alternate every one to two minutes while remaining on task" should have, instead, read that Plaintiff "would need to alternate [between sitting and standing]

5

every [hour for] one to two minutes while remaining on task." *See* doc. 15 at PageID 666-67. From the Commissioner's perspective, the ALJ's typographic error in this regard is clear and obvious and, thus, harmless.

Plaintiff, on the other hand, argues that the ALJ's RFC finding cannot be attributed to a clear and obvious typographical error because the same restrictive limitation set forth in the RFC finding was repeated two other times by the ALJ in her analysis of the RFC determination. *See* doc. 11 at PageID 649; *see also* PageID 81 ("Although the claimant asserts that he uses a cane to ambulate, there is no reason he would be unable to stand and/or walk for up to six hours in an eight-hour workday and sit for up to six hours in an eight-hour workday when given the opportunity to alternate positions every one to two minutes while remaining on task"); PageID 82 ("[T]here is no compelling evidence in record that would indicate that the claimant would be unable to stand and/or walk for up to six hours in an eight-hour workday and sit for up to six hours in an eight-hour workday when given the opportunity to alternate positions every one to two minutes while remaining on task").

While the ALJ's RFC finding may contain a typographic error, the Court cannot so conclude with certainty in light of the ALJ's decision as a whole. Accordingly, the undersigned concludes that the ALJ's non-disability finding is unsupported by substantial evidence and that a remand is necessary for further proceedings.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C.

6

§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  September 23, 2020                              s/ Michael J. Newman
                                                      Michael J. Newman
                                                      United States Magistrate Judge